UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN ANDERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-776-JD-JEM |
| KINSLEY, | |
| Defendant. | |

OPINION AND ORDER

Nathan Anderson, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The amended complaint alleges that, on an undisclosed date, Anderson told Dr. Kinsley that it hurt to bend or rotate his wrist and bend his fingers. When Dr. Kinsley examined Anderson, he squeezed and bent his wrist, causing pain. After the examination, Anderson had additional pain and swelling, and neither ice nor heat helped with the pain. X-rays were performed following Dr. Kinsley's examination, and they showed no acute bone abnormality and that Anderson's wrist and fingers were not

fractured. Following the negative x-rays, Anderson requested another x-ray, but the medical department ignored his requests. When x-rays were taken again ten months later, on May 17, 2022, the results showed that his wrist and fingers had been fractured and had healed abnormally.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, the complaint alleges that Dr. Kinsley's initial examination of Anderson's wrist was excruciatingly painful. X-rays taken after this examination showed that there was not a fracture, while x-rays taken a year later showed improperly healed fractures. It cannot be plausibly inferred from the facts alleged in the complaint that Dr. Kinsley's examination of Anderson's wrist and fingers amounted to deliberate indifference to Anderson's serious medical needs. Anderson has not pled facts from which it can be inferred that the initial examination was conducted in other than a professional manner and with the sole intention of determining the nature of the injury. Assuming for purposes of this order that Dr. Kinsley was aware of Anderson's requests for additional x-rays, it cannot be plausibly inferred from the amended complaint that Dr. Kinsley failed to exercise his medical judgment when making treatment decisions regarding Anderson's arm and wrist. He examined Anderson and the initial x-rays showed that there was not a fracture. While later x-rays contradicted this, it cannot be plausibly interred from that alone that Dr. Kinsley was deliberately indifferent to Anderson's medical needs.

Anderson's amended complaint does not state a claim. Anderson has already been granted an opportunity to amend his complaint, and he did not address the deficiencies pointed out by the court in his amendment. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where .

3

. . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on March 7, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT