UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHAN ANDERSON,

    Plaintiff,

    v.                            CAUSE NO. 3:23-CV-776-JD-JEM

KINSLEY,

    Defendant.

OPINION AND ORDER

Nathan Anderson, a prisoner without a lawyer, filed a motion to set aside the judgment in this case. ECF 20. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks and citation omitted).

The amended complaint alleged that Dr. Kinsley's initial examination of Anderson's wrist was excruciatingly painful. He further alleges that X-rays taken after this examination showed that there was not a fracture, while x-rays taken a year later showed improperly healed fractures. This court concluded that it could not be plausibly inferred from the facts alleged in the amended complaint that Dr. Kinsley's examination of Anderson's wrist and fingers amounted to deliberate indifference to Anderson's

serious medical needs. The court further concluded that Anderson had not pled facts from which it could be inferred that the initial examination was conducted in other than a professional manner, with the intention of determining the nature of the injury. Furthermore, the court noted that, assuming Dr. Kinsley was aware of Anderson's requests for additional x-rays, it could not be plausibly inferred from the amended complaint that Dr. Kinsley failed to exercise his medical judgment when making treatment decisions regarding Anderson's arm and wrist. He examined Anderson and x-rays showed that there was not a fracture. The court noted that, while later x-rays contradicted this, it could not be plausibly inferred from that alone that Dr. Kinsley was deliberately indifferent to Anderson's medical needs.

In his motion to amend the judgment (ECF 20), Anderson appears to assert that Dr. Kinsey had access to an x-ray report stating that the images were suggestive of a mildly displaced fracture of his trapezium prior to examining him and receiving the x-ray report showing no fractures. Anderson asserts that Dr. Kinsley was negligent because he had these results and did not administer any treatment until a year later, when additional x-rays revealed there was in fact a fracture. Anderson includes a copy of a report of x-rays of his right hand dated April 28, 2022. ECF 20-1. That report does not definitely find that Anderson had a fracture. Rather, the reviewing physician states that the images are suggestive of a mildly displaced fracture, and he recommends "dedicated images of the wrist with navicular view… to better demonstrate this anatomy." *Id.*

Because Anderson's amended complaint contained only one date, the date he received the x-ray report showing he had a fracture, the sequence of events was unclear. The amended complaint reads as if the x-rays that were taken on April 29, 2022, occurred ten months after the initial injury and examination by Dr. Kinsley. The motion to set aside the judgment instead suggests that the April 29, 2022, x-rays were taken after Anderson complaint of pain and before he saw Dr. Kinsley. However, Anderson's amended complaint clearly alleges that he complained of pain, Dr. Kinsley examined him, and x-rays were then ordered which showed no acute bone abnormalities. Thus, Anderson's clarification regarding the sequence of events does not change the outcome. If Dr. Kinsley possessed these x-ray results when he examined Anderson, that shows, at most, negligence on the part of Dr. Kinsley. Negligence generally states no claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

For these reasons, the motion pursuant to Federal Rule of Civil Procedure 59(e) (ECF 20) is DENIED.

SO ORDERED on May 2, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT